# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 08-cv-02151-REB-CBS

JUDY INGERSOLL,

    Plaintiff,

v.

SWIFT TRANSPORTATION CORPORATION,

    Defendant.

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

**Blackburn, J.**

The matter before me is plaintiff's **Motion To Remand** [#7], filed October 9, 2008. I grant the motion.

## I. JURISDICTION

I putatively have jurisdiction over this case pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1441(a), an action may be removed to federal district court if it is one of which the district court would have had original jurisdiction. Where the basis of removal is allegedly diversity of citizenship, therefore, the parties must be completely diverse and the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332. These facts "must be affirmatively established on the face of either the petition or the removal notice." ***Laughlin v. Kmart Corp.***, 50 F.3d 871, 873 (10th Cir. 1995). Because plaintiff's complaint does not recite a

specific dollar amount of recovery sought, the burden is on defendants to establish by a preponderance of the evidence that the jurisdictional minimum is satisfied. **Martin v. Franklin Capital Corp.**, 251 F.3d 1284, 1290 (10th Cir. 2001).

### III. ANALYSIS

Defendant removed this negligence action from the Colorado state district court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. It appears that the only basis for the crucial allegation that the jurisdictional minimum amount in controversy was met was plaintiff's' assertion in the Civil Cover Sheet that "[t]his party is seeking a monetary judgment for more than $100,000.00 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs."

The law in this district clearly supports the conclusion that such is not a sufficient basis on which to premise federal removal jurisdiction based on diversity of citizenship: controversy is satsified:

> the election [of the Civil Cover Sheet] is simply too imprecise
> to make the requisite demonstration of the amount in
> controversy for purposes of diversity jurisdiction . . . . From
> this representation, the Court cannot determine what law is
> applicable or whether the plaintiff seeks an amount which
> can be recovered under the applicable law.

**Hill v. American Family Mutual Insurance Co.**, 2008 WL 4533661 at *1-2 (D. Colo. Oct. 3, 2008) (Blackburn, J.) (citing **Magdaleno v. L.B. Foster Co.**, 2008 WL 496314 at *6 (D. Colo. Feb. 19, 2008) (Krieger, J.)). **See also Espinoza v. American Family Mutual Insurance Co.**, 2008 WL 4538833 at *1 (D. Colo. October 7, 2008) (Blackburn, J.); **Young v. American Family Mutual Insurance Co.**, 2008 WL 4533923 at *1 (D.

Colo. Oct. 6, 2008) (Blackburn, J.); **Humphreys v. American Family Mutual Insurance Co.**, 2008 WL 2787344 at *2 (D. Colo. July 15, 2008) (Daniel, J.); **Braden v. Kmart Corp.**, 2007 WL 2757628 at *2 (D. Colo. Sept.20, 2007) (Babcock, J.); **Ralph v. SNE Enterprises, Inc**., 2007 WL 1810534 at *1 (D. Colo. 2007) (Miller, J.); **Harding v. Sentinel Insurance Co., Ltd.**, 490 F.Supp.2d 1134, 1135-36 (D. Colo. 2007) (Kane, J.). Defendant's disagreement with this substantial line of authority presents no basis warranting reconsideration of these well-recognized precedents.[1]

**THEREFORE, IT IS ORDERED** as follows:

1. That plaintiff's **Motion To Remand** [#7], filed October 9, 2008, is **GRANTED**; and

2. That this case is **REMANDED** to the District Court of Garfield County, Colorado (where it was originally filed as Case No. 2008 CV 262).

Dated December 2, 2008, at Denver, Colorado.

                                       **BY THE COURT:**

                                       s/ Robert E. Blackburn
                                       **Robert E. Blackburn**
                                       **United States District Judge**

---

[1] Defendant's further argument that plaintiff fails to affirmatively dispute that she seeks more than the minimum amount in controversy in her motion to remand also misses the mark. The burden to prove that federal jurisdiction exists rests squarely with defendant, not plaintiff. **Martin**, 251 F.3d at 1290.